IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DOLORES ALLEN, Individually and as**
**Personal Representative of the Estate of**
**Max Allen and Wrongful Death Personal**
**Representative of Max Allen, Deceased,**

      **Plaintiff,**

v.                                   **No. CIV-14-0246 GBW/LAM**

**DAVID BROWN,**

      **Defendant.**

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER [*Doc. 26*]

**THIS MATTER** is before the Court on ***Defendant David Brown's Motion for Protective Order and Supporting Memorandum Brief*** *(Doc. 26)*, filed July 14, 2014. Plaintiff filed a response to the motion on July 22, 2014 [*Doc. 28*], and Defendant filed a reply on August 4, 2014 [*Doc. 29*]. In her Complaint, Plaintiff alleges that Defendant caused the death of Max Allen, and brings claims as Mr. Allen's personal representative for negligence and loss of consortium. *See* [*Doc. 1*]. In Defendant's motion for a protective order, Defendant objects to Plaintiff's requests for releases of Defendant's medical, mental health, social security, pharmaceutical, and employments records, and for Defendant's financial records. [*Doc. 26* at 2]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion for protective order shall be **GRANTED in part and DENIED in part**.

In Request for Production (hereinafter, "RFP") Nos. 1 through 5, Plaintiff asks Defendant to complete authorizations to disclose Defendant's medical records (RFP No. 1), mental health

records (RFP No. 2), Social Security information (RFP No. 3), pharmaceutical records (RFP No. 4), and employment and personnel records (RFP No. 5).  [*Doc. 26* at 3-8 and 12-13].  The authorizations allow disclosure of Defendant's medical, mental health, and pharmaceutical records from January 1, 2003 to July 1, 2014 or the present (*id.* at 20-23 and 25), and ask for all of Defendant's Social Security and employment records (*id.* at 24 and 26).  In RFP No. 6, Plaintiff asks Defendant to produce all of his and his company's state and federal income tax returns for the past five (5) years, or, if the tax returns are not available for a particular year, to produce all documents in Defendant's possession or control reflecting any income earned by Defendant or his company during that year.  *Id.* at 8 and 14.  Defendant contends that this information exceeds the scope of discovery, invades his reasonable expectation of privacy, and seeks privileged documents.  *Id.* at 2.

In response, Plaintiff states that the discovery requests sent to Defendant "were basically a mirror image of the ones Plaintiff had just received from Defendant," and that the requested information "has bearing on Defendant's frame of mind before and when he shot Max Allen and his financial status in regard to Plaintiff's recovery of money damages and punitive damages."  [*Doc. 28* at 2].  Plaintiff contends that Defendant's affirmative defense that he was in fear for his life "is clearly an emotional condition," so discovery of Defendant's medical information is appropriate.  *Id.* at 3 (citing Defendant's Answer, *Doc. 5* at 4).  Plaintiff also contends that Defendant's mental health and pharmaceutical records are relevant as to Defendant's state of mind at the time of the incident.  [*Doc. 28* at 4-7].  Plaintiff contends that Defendant's Social Security, employment, personnel, and tax information is relevant to determine whether Defendant would be able to pay damages in the amount sought by Plaintiff.  *Id.* at 6-9.

2

In reply, Defendant contends that Plaintiff placed the decedent's medical, physical and emotional condition at issue by filing this lawsuit and thereby waived his privilege and privacy interests, but this does not open the door to Defendant's medical and mental health information. [*Doc. 29* at 1-2].  Defendant further contends that, even if Defendant's medical condition is somehow at issue, Plaintiff's requests for all of Defendant's medical records are overly broad because they are not tailored to specific information regarding the claims in this case.  *Id.* at 3.  Defendant contends that, in addition to being privileged, Defendant's financial information is irrelevant at this point in the litigation process because a plaintiff cannot seek discovery from a defendant to determine whether the defendant can satisfy a judgment.  *Id.* at 5-9.  Defendant states that, if Plaintiff ultimately recovers a judgment in this case, she can proceed under Rule 69 "to conduct discovery to determine what assets are available to satisfy a judgment."  *Id.* at 6.

Pursuant to Federal Rule of Civil Procedure 26(c), "[a] party or person from whom discovery is sought may move for a protective order in the court where the action is pending," and that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  The decision to enter a protective order is within the Court's broad discretion.  *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995) ("Because the decision to grant a protective order under Fed. R. Civ. P. 26(c) is vested in the district court's discretion, we will only reverse the court's ruling if that discretion was abused.") (footnote omitted).  Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery.  It provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

The Court finds that Plaintiff's discovery requests regarding Defendant's medical and mental health records are overly broad and a protective order is appropriate to protect Defendant

3

from annoyance and undue burden with regard to the requests.  Plaintiff's conclusory statement that Defendant's fear of the decedent "is clearly an emotional condition" is without merit as Plaintiff fails to show how fear of another person is the same as a medical or mental health condition.  [*Doc. 28* at 3].  Plaintiff further fails to limit her document requests to any such "emotional condition," thereby making these requests overly broad on their face.  Moreover, the fact that Plaintiff states that she sent a set of interrogatories and requests for production to Defendant that "were basically just a mirror image of the ones Plaintiff had just received from Defendant" (*id.* at 2) indicates that Plaintiff sought these records to annoy, embarrass, or harass Defendant in response to Defendant's discovery requests.  As Plaintiff acknowledges, Defendant contends that the decedent "was suffering from a long history of mental illness and is seeking mental and physical health information as documentation."  *Id.* at 3.  In contrast, Plaintiff makes no claim that Defendant suffered from any identifiable illness and, instead, merely seeks information to "shed light on Defendant's mental and physical health at the time of the shooting."  *Id.*  This appears to the Court to be an impermissible "fishing expedition," and, therefore, the Court finds that Defendant's motion for a protective order should be granted as to Plaintiff's requests for releases for Defendant's medical, mental health, and pharmaceutical records.

With regard to Plaintiff's request for Defendant's financial records, the Court notes that a party's financial condition is relevant to Plaintiff's claim for punitive damages.  *See North American Ins. Co. v. Bates*, No. CIV-12-544-M, 2014 WL 2865914, at *2 (W.D. Okla. Jun 24, 2014) (unpublished) ("Where punitive damages are claimed, it has been generally held that the Defendant's financial condition is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery.") (citation and internal quotation marks omitted), *Acosta v. EMT Residential, LLC*, Civ. No. 09-0089 MV/GBW (Doc. 41) (D. N.M. October 2, 2009) (same),

*EEOC v. Fisher Sand & Gravel Co.*, Civ. 09-0309 MV/WPL (Doc. 42) (D. N.M. December 14, 2009) (same), and *Sandia Vista LLC v. Teresa I LLC*, Civ. No. 05-1154 WJ/LFG (Doc. 66 at 4) (D. N.M. June 9, 2006) ("[I]nformation as to current net worth and financial condition is generally relevant to the issue of punitive damages.") (citation omitted); *see, e.g., Continental Trend Resources, Inc. v. OXY USA Inc.*, 101 F.3d 634, 641-42 (10th Cir. 1996) (explaining that the wealth of a defendant is relevant in setting and reviewing punitive damages awards),. Moreover, the party requesting the discovery "generally need not establish a *prima facie* case on the issue of punitive damages before it can obtain pretrial discovery of the other party's financial statements and tax returns," as long as the claim for punitive damages is not spurious. *Roberts v. Shawnee Mission Ford, Inc.*, No. 01-2113-CM, 2002 WL 1162438, at *4 (D. Kan. Feb. 7, 2002) (unpublished) (citation and internal quotation marks and brackets omitted). Defendant claims that Plaintiff's request for this information is premature but makes no showing that Plaintiff's claim for punitive damages is spurious. However, Plaintiff's requests for all of Defendant's Social Security and employment records, in addition to tax returns for Defendant and Defendant's business for the past five years, are overly broad. The most recent tax returns for Defendant and his business should suffice to determine Defendant's present financial condition. The Court, therefore, will grant Defendant's motion for protective order as to Plaintiff's requests for Defendant's Social Security and employment records, but will deny the motion in part as to the most recent tax returns for Defendant and his business.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Defendant David Brown's Motion for Protective Order and Supporting Memorandum Brief*** *(Doc. 26)*, is **GRANTED in part and DENED in part**. The motion is **DENIED** as to the most recent tax returns for Defendant and his business, and Defendant shall produce those tax returns to Plaintiff

**within ten (10) business days of entry of this Order**.   The motion is **GRANTED** as to all other documents requested in Request for Production Nos. 1 through 6.

  **IT IS SO ORDERED.**

                *Lourdes A. Martínez*
                _____
                **LOURDES A. MARTÍNEZ**
                **UNITED STATES MAGISTRATE JUDGE**